IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-60 |
| | § | |
| TAYLOR LAYNE SCHMIDT (2) | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 15, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

On March 14, 2013, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm While an Unlawful User of a Controlled Substance. Defendant was sentenced to six (6) months imprisonment followed by a one (1) year time of supervised release. On July 26, 2013, Defendant completed his period of imprisonment and began service of his term of supervised release.

On June 23, 2014, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 76 Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) Defendant shall not commit another

federal, state, or local crime; (2) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (4) Defendant shall be placed on home detention for a period not to exceed 180 days, to commence upon release from confinement.. During this time, the Defendant shall remain at place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The Defendant shall maintain a telephone at place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The Defendant is to pay the cost associated with the Defendant's program of electronic monitoring.

The Petition alleges that Defendant committed the following acts: (1) On June 13, 2014, in Farmers Branch, TX, Dallas County, the Defendant was arrested for Aggravated Assault with a Deadly Weapon, for causing the victim, Thomas Wilson Stansfield, wounds on the right side of his face and neck, using a machete as a weapon. The Defendant is currently in the Dallas County Jail being held on a $100,000 bond. The case is pending filing with the Dallas County District Attorney's Office; (2) On June 13, 2014, the Defendant possessed a dangerous weapon, a machete, which caused the victim, Thomas Wilson Stansfield, wounds on the right side of his face and neck; (3) Defendant failed to submit a monthly report within the first five days of each month for the months of August, September, November, and December 2013; and February, March, April, and May 2014; and (4) After being instructed on multiple occasions, and having

the financial resources, Defendant failed to make a payment toward the cost associated with his program of electronic monitoring. As of this writing, the outstanding balance is $597.84.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation three (3) and four (4) of the Petition, specifically that Defendant failed to submit a monthly report within the first five days of each month for the months of August, September, November, and December 2013; and February, March, April, and May 2014; and after being instructed on multiple occasions, and having the financial resources, the Defendant failed to make a payment toward the cost associated with his program of electronic monitoring. The Government withdrew allegations one (1) and two (2). Having considered the Petition and the plea of true to allegations three (3) and four (4), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, which such term shall run consecutive to any state time Defendant receives, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

SIGNED this 15th day of December, 2015.

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 3